IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN D. MURPHY, | : | |
| *Individually and on behalf of other* | : | |
| *similarly situated current and former* | : | |
| *homeowners in Pennsylvania* | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 13-5719 |
| BANK OF AMERICA, N.A., ET AL. | : | |

**SURRICK, J.**                                                                                              **NOVEMBER 17, 2014**

## MEMORANDUM

Presently before the Court is the Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of Defendants, McCabe Weisberg & Conway, P.C., Terrence J. McCabe, Marc S. Weisberg, and Edward D. Conway (ECF No. 41), and the Motion of Defendants Bank of America, N.A. and the Bank of New York Mellon, N.A., to Dismiss Plaintiff's Complaint (ECF No. 42). For the following reasons, Plaintiff is directed to file a Civil RICO Case Statement. Defendants' Motions will be denied without prejudice to refile after receipt of Plaintiff's Civil RICO Case Statement.

**I.     BACKGROUND**

On September 30, 2013, Plaintiff Brian D. Murphy filed a Complaint on behalf of himself and similarly situated Pennsylvania homeowners against Defendants Bank of America, N.A. ("BOA"); Bank of New York Mellon ("BNY Mellon"); McCabe, Weisberg and Conway, P.C. ("MWC"); Terrance J. McCabe; Marc S. Weisberg; Edward D. Conway; QBE Insurance Corporation; and QBE First Insurance Agency. (Compl. ¶¶ 3-11.) The Complaint alleges violations of § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO");

violations of the Pennsylvania Loan Interest and Protection Law ("Act 6"), 41 Pa. Stat. Ann. §§ 101, *et seq.*; violations of Act 6 and/or the Pennsylvania Housing Finance Agency Law ("Act 91"), 35 Pa. Stat. Ann. §§ 1680.401c, *et seq.*; violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*; violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. §§ 201-1, *et seq.*; breach of contract; violations of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*; unjust enrichment; interference with contractual relations; and civil conspiracy.  (*Id.* ¶¶ 67-178.) The gravamen of Plaintiff's complaint is that Defendants charged Plaintiff and others for illegal foreclosure-related attorneys' fees and unauthorized insurance premiums in violation of state and federal law.  (*Id.*)

Defendants filed motions to dismiss the complaint.  The QBE Defendants also filed a motion to sever the force-placed insurance claims.  (ECF Nos. 39-42.)  Plaintiff subsequently filed a Notice of Dismissal that dismissed with prejudice all force-placed insurance claims and removed the QBE Defendants from this litigation.  (ECF No. 87.)  As a result, the only remaining counts in this action are Count I and Counts III-VII, which encompass the claims under RICO, Act 6, Act 91, FDCPA, UTPCPL, and breach of contract.  (*Id.*)  Since the QBE Defendants were no longer in this action, their Motion to Sever (ECF No. 39) and Motion to Dismiss (ECF No. 40) were dismissed as moot.  (ECF No. 88.)

II.     DISCUSSION

Count I of the Complaint alleges a cause of action for RICO violations under 18 U.S.C. § 1962(c).  (Compl. ¶¶ 67-82.)  Congress enacted RICO to "eradicate organized crime in the United States," *United States v. Turkette*, 452 U.S. 576, 589 n.11 (1981) (quoting 116 Cong. Rec.

591 (1970) (remarks of Sen. McClellan)); as an enforcement mechanism, it also provided a "civil cause of action for any person 'injured in his business or property by reason of a violation of section 1962.'" *Beck v. Prupis*, 529 U.S. 494, 496 (2000) (quoting 18 U.S.C. § 1964(c)).

Plaintiff alleges mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343 as the predicate acts that form the basis for his civil RICO claim. (Compl. ¶ 79.) As fraud-based claims, these predicate acts must be alleged with particularity under Federal Rule of Civil Procedure 9(b). *Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002). "In the context of RICO mail fraud allegations, this means that the complaint must 'identify the purpose of the mailing within the defendant's fraudulent scheme and specify the fraudulent statement, the time, place, and speaker and content of the alleged misrepresentation.'" *Bonavitacola Elec. Contr., Inc. v. Boro Developers, Inc.*, 87 F. App'x 227, 231 (3d Cir. 2003) (nonprecedential) (quoting *Annulli v. Panikkar*, 200 F.3d 189, 201 n.10 (3d Cir. 1999)).

To clarify his civil RICO claim, Plaintiff will be required to file a Civil RICO Case Statement within 20 days of the date hereof in the form set forth in the accompanying Order. *See Healthguard of Lancaster, Inc. v. Gartenberg*, No. 02-2611, 2002 WL 32107627, at *3-4 (E.D. Pa. Dec. 6, 2002) (requiring plaintiff to file civil RICO case statement); *Breslin v. Brainard*, No. 01-7269, 2002 WL 31513429, at *4 (E.D. Pa. Nov. 1, 2002) (same). Even though the Civil RICO Case Statement does not directly apply to Plaintiff's statutory and common-law claims, "the filing of this statement [may] also serve to clarify those claims as well because Defendants' alleged misconduct is the basis for these claims." *Va. Sur. Co. v. Macedo*, 08-5586, 2010 WL 3429530, at *7 (D.N.J. Aug. 27, 2010) (internal quotation marks and citations omitted). Defendants may supplement and renew their Motions to Dismiss within 20 days after the Plaintiff's filing of the Civil RICO Case Statement.

3

An appropriate Order follows.

                                           **BY THE COURT:**

                                           **R. BARCLAY SURRICK, J**.

4